IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROLAND J. PARKER                                                          PLAINTIFF

v.                                     No. 4:06CV663GH

LITTLE ROCK POLICE DEPARTMENT, ET AL.                            DEFENDANTS

## ORDER

Pending before the Court is the motion of defendants Comcast and Hanks ("Comcast defendants") to dismiss the amended complaint. Also pending before the Court is the motion of separate defendants City of Little Rock, Sgt. Terry Hastings and Officer Michelle Hill ("City defendants") for judgment on the pleadings.

Plaintiff filed this action *pro se* alleging federal constitutional and state law claims. The action arises from an alleged contract plaintiff claims he had with Comcast Cablevision ("Comcast") through its agent and representative Jeff Hanks ("Hanks")  to produce a television show called "Everybody's Talking" on Comcast Ch. 98, the Public Access Channel.  Plaintiff further claims that he contacted Officer Michelle Hill ("Hill") of the Little Rock Police Department ("LRPD") and had an agreement for either Hill or other officers employed by the LRPD to appear for a taping of the show at plaintiff's home on April 1, 2006. Plaintiff contends that prior to April 1st,  Lt. Terry Hastings ("Hastings") contacted him to inquire about his association with Comcast.  Thereafter neither Hill nor any other LRPD personnel appeared for the April 1st taping.  Plaintiff contends that on April 3, he was

-1-

informed by Hanks that, in response to a telephone call, Hanks told Hastings that plaintiff did not have a contract to air a television program on Comcast.

Plaintiff claims that Comcast, through Hanks, slandered him and caused him damages when Hanks allegedly breached the contractual agreement with plaintiff by denying its existence.  He also alleges Comcast breached its contract with plaintiff.

He alleges that Hill breached her contract with plaintiff for failing to appear at the taping.  He also contends that Hastings was negligent in his investigation into whether plaintiff actually had a contractual relationship with Comcast.  He further asserts that the actions of Hastings and Hill, as agents of the City of Little Rock ("City") resulted in a denial of his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

The City defendants assert that plaintiff has failed to state a claim for denial of either procedural or substantive due process.  In order to establish a due process violation, plaintiff must establish that he possessed a property right protected by the Fourteenth Amendment.  The City defendants assert that plaintiff has failed to establish a protected property right.

Plaintiff counters that his business plan was intellectual property, a property right protected by the Constitution. "Intellectual property" can constitute a property right. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1004 (1984)  (trade secrets as defined by state law can constitute property interests for Takings Clause purpose) Most cases that have addressed the issue have looked to "trade secrets" under the applicable state law. *See e.g. Jensen v. Redevelopment Agency of Sandy City*, 998 F. 3d 1550, 1556 (10th Cir.

1993)  Plaintiff, however, does not allege a "trade secret" but rather a "business plan."  He

does not point to any Arkansas law which would give protection to a "business plan."  The

type of "intellectual property" alleged by plaintiff is not the sort of "property" which would be

afforded protection under Arkansas law.    Under Arkansas law,  "'trade secret' means

information, including a formula, pattern, compilation, program, device, method, technique,

or process, that:(A) Derives independent economic value, actual or potential, from not

being generally known to, and not being readily ascertainable by proper means by, other

persons who can obtain economic value from its disclosure or use; and (B) Is the subject

of efforts that are reasonable under the circumstances to maintain its secrecy."

Ark. Code Ann. § 4-75-601(4).  *See Wal-Mart Stores, Inc. v. P. O. Market, Inc.*, 347 Ark.

651, 666-67 (2002) (whether information constitutes trade secret is governed by six

factors:"(1) the extent to which the information is known outside the business; (2) the extent

to which the information is known by employees and others involved in the business; (3)

the extent of measures taken by appellee to guard the secrecy of the information; (4) the

value of the information to appellee and to its competitors;(5) the amount of effort or money

expended by appellee in developing the information; and, (6) the ease or difficulty with

which the information could be properly acquired or duplicated by others.").  Plaintiff alleges

merely a business plan, which he made known to others.  His business plan does not have

any of the indicia of a trade secret.  Thus, he does not have a protected property interest

in his business plan.

Furthermore, courts have limited protection of intellectual property to a claim under

the "Takings Clause."   *See Hagan v. United States of America*, 2002 WL 338882 (E. D.

Pa. 2002) Plaintiff does not allege a "taking," within the meaning of the "Takings Clause". That is, he does not allege that defendants took his "intellectual property" for public use without just compensation.

Plaintiff has failed to allege a property interest entitled to protection under the Due Process Clause.   Basically, he claims a breach of contract  .Such a claim fails to state a constitutional violation. *See Dover Elevator Co. v. Arkansas State Univ.*, 64 F. 3d 442, 446 (8th Cir. 1995) (state's presence as party in breach of contract claim does not give the plaintiff a constitutionally protected property interest under the contract).

The Court finds that plaintiff has failed to state a constitutional claim against the City defendants and therefore plaintiff's § 1983 claim is dismissed.

Plaintiff has also brought state claims against the City defendants and against the Comcast defendants.  There is no doubt that there is no federal question or diversity jurisdiction against the Comcast defendants.  The Court has supplemental jurisdiction over the Comcast defendants and the state claims against the City defendants.  Pursuant to 28 U.S.C. § 1367(c) the Court declines to exercise supplemental jurisdiction over the Comcast defendants and the state claims against the City defendants and those parties and claims are dismissed without prejudice.

Accordingly, the motion for judgment on the pleadings is granted; the federal claims against the City defendants are dismissed with prejudice.   The Court declines to exercise supplemental jurisdiction and the Comcast defendants are hereby dismissed without prejudice; the pendent claims against the City defendants are hereby dismissed without prejudice.  All pending motions are denied as moot.

IT IS SO ORDERED this 24th  day of January ,  2007.


_____
UNITED STATES DISTRICT JUDGE